**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RUHI REIMER on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 1:22-cv-2037 |
| v. | : : | |
| ENDURANCE WARRANTY SERVICES, L.L.C., | : : : | **JURY DEMAND** |
| Defendant. | : : : | |
| _____/ | | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.   Plaintiff Ruhi Reimer ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code Ann. § 59.1-510, *et seq*.

2.   Between July 2021 and October 2021, defendant Endurance Warranty Services, L.L.C. ("EWS") placed numerous unsolicited telemarketing calls to Plaintiff's cellular telephone number (703-477-XXX) to promote the sale of extended vehicle warranties, despite Plaintiff's inclusion of the phone number on the National Do-Not-Call Registry.

3.      In addition, Defendant violated provisions of the TCPA requiring the maintenance of internal do-not-call list procedures, and provisions of the VTPPA requiring the identification of the caller and the transmittal of information to caller ID.

4.      Because telemarketing campaigns generally place calls to hundreds, thousands, or even millions of potential customers *en masse*, Plaintiff brings this action against EWS on behalf

of five proposed class of persons to whom EWS placed similar unsolicited telemarketing calls, which correspond to Defendant's distinct violations of the TCPA and VTPPA.

5.       A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private rights of action afforded by the TCPA and VTPPA, and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.       Plaintiff is a natural person who has a Virginia phone number and was physically present in Virginia at the time of the calls at issue in this case.

7.       Defendant is an Illinois limited liability company, with its principle place of business in Northbrook, Illinois.

## Jurisdiction & Venue

8.       The Court has federal question subject matter jurisdiction over the TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9.       In addition, the Court has supplemental jurisdiction over the VTPPA claims because those claims arise from the exact same telemarketing calls that give rise to the TCPA claims.

10.       Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## Factual Allegations

11. Plaintiff's telephone number (703-477-XXX) is a residential number assigned to a cellular telephone service.

12.       The number has a Virginia area code.

13.     Plaintiff added the number to the National Do Not Call Registry in 2008.

14. Between July 2021 and October 2021, EWS placed numerous telephone calls to plaintiff's telephone number, including:

    a.  7/2/2021 at 7.38pm.

    b.  7/3/2021 at 9:38am

    c.  7/3/2021 at 11:54am

    d.  7/3/2021 at 2:19pm

    e.  7/7/2021 at 5:25pm

    f.  7/14/2021 at 1:41pm

    g.  9/29/2021 at 4:39m

    h.  10/13/2021 at 3:04pm

15. Defendant placed each one of these calls for the purpose of offering extended vehicle warranties for sale.

16. In each of these calls, Defendant transmitted the number 703-574-6160 to caller ID.

17. In each of these calls, Defendant failed to transmit its name to Caller ID despite having the ability to do so.

18.     During several of these calls, Defendant's representatives failed to provide their first and last name as required by the VTPPA.

19.     On March 3, 2022, Plaintiff called the number 703-574-6160 and spoke to a representative who confirmed that the calls came from Defendant.

20.     During this call, Defendant's representative stated that it had received an "inquiry" with the name submitted as "Will Bradley" and the number submitted as Plaintiff's phone number.

3

21.     During this call, Defendant's representative stated that the inquiries it receives often have fake telephone numbers.

22.     During this call, Plaintiff asked Defendant to add his number to Defendant's internal do-not-call list and Defendant stated that instead it would just delete Plaintiff's number from its records.

23.     Plaintiff had no prior business relationship with Defendant and did not invite or give permission for any of these calls.

24.     At all relevant times, Defendant failed to maintain adequate policies, procedures, and training to ensure that it did not place an unlawful number of calls to numbers registered on the national do-not-call registry.

25.     At all relevant times, Defendant failed to maintain adequate policies, procedures, and training to record numbers on an internal do-not-call list and maintain such a list.

26.     Plaintiff and all members of the classes, defined below, have been harmed by the acts of Defendant because the calls invaded their privacy, occupied their telephone lines, and wasted their time.

**Class Action Allegations**

27.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes:

National Do-Not-Call Registry Class
All persons within the United States to whom: (a) Defendant made at least two telephone solicitation calls during a 12-month period; (b) promoting Defendant's products or services (c) to a residential landline or cellular telephone number registered on the do-not-call list for at least 30 days prior to the first call; (d) without a written agreement signed by the called party authorizing the calls; (e) where the last call was made no earlier than the date that is four years prior to the filing of this action

<u>Virginia Do-Not-Call Registry Class</u>
All persons within the United States to whom: (a) Defendant made at least one telephone solicitation call (b) promoting Defendant's products or services (c) to any residential landline or wireless number with a Virginia area code (d) registered on the do-not-call list for at least 30 days prior to the call; (e) without a written agreement signed by the called party authorizing the calls (f) since the date that is two years prior to the filing of this action.

<u>Failure to Identify Class</u>
All persons within the United States to whom: (a) Defendant made at least one telephone solicitation call (b) promoting Defendant's products or services (c) to any residential landline or wireless number with a Virginia area code (d) without stating the solicitor's first and last name (f) since the date that is two years prior to the filing of this action.

<u>Caller ID Class</u>
All persons within the United States to whom: (a) Defendant made at least one telephone solicitation call (b) promoting Defendant's products or services (c) to any residential landline or wireless number with a Virginia area code (d) without transmitting Defendant's name to Caller ID (f) since the date that is two years prior to the filing of this action.

<u>Internal Do-Not-Call List Class</u>
All persons within the United States to whom: (a) Defendant placed at least two telemarketing calls during a 12-month period; (b) promoting Defendant's products or services (c) to a residential landline or cellular telephone number (d) where the last call was made no earlier than the date that is four years prior to the filing of this action

28.     Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

29.     The classes as defined above are identifiable through phone records and phone number databases.

30.     The potential class members number at least in the hundreds.  Individual joinder of these persons is impracticable.

31.     Plaintiff is a member of the classes.

32.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

  a. Whether Defendant maintained adequate policies, procedures, and training to ensure that it did not place an unlawful number of calls to numbers on the National Do Not Call Registry;

  b. Whether Defendant maintained adequate policies, procedures, and training to record numbers on an internal do-not-call list and maintain such a list.

  c. Whether Defendant's calls were solicitations;

33.     Plaintiff's claims are typical of the claims of class members.

34.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

35.     The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

36.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

37.     The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

38.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One
### Violations of the TCPA's National Do-Not-Call Registry Provisions

39.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

40.     Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating, multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission

41.     Defendant's violations were negligent and/or willful.

42.     The TCPA provides a private right of action for these claims pursuant to 47 U.S.C. § 227(c)(5).

### Count Two
### Violations of the VTPPA's National Do-Not-Call Registry Provisions

43.     Plaintiff incorporates the allegations from all the previous paragraphs as if fully set forth herein.

44. Defendant violated Va. Code Ann. § 59.1-514(b) by initiating telephone solicitation calls telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission,

45. Defendant's violations were negligent and/or willful.

46. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

### Count Three
### Violation of the VTPPA's Solicitor Identification Provisions

47. Plaintiff incorporates the allegations from all the previous paragraphs as if fully set forth herein.

48. Defendant violated Va. Code Ann. § 59.1-512 by making telephone solicitation calls without providing the first and last name of the solicitor upon making contact.

49. Defendant's violations were negligent and/or willful.

50. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

**Count Four**
**Violation of the VTPPA's Caller ID Provisions**

51. Plaintiff incorporates the allegations from all the previous paragraphs as if fully set forth herein.

52. Defendant violated Va. Code Ann. § 59.1-513 by making telephone solicitation calls without transmitting its name to caller ID despite having the ability to do so.

53. Defendant's violations were negligent and/or willful.

54. The VTPPA provides a private right of action for these claims pursuant to Va. Code Ann. § 59.1-515.

**Count Five**
**Violation of the TCPA's Internal Do-Not-Call Provisions**

55. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) by initiating telemarketing calls without maintaining adequate policies and procedures for recording and honoring do-not-call requests via an internal do-not-call list.

57. Defendant's violations were negligent and/or willful.

58. The TCPA provide a private right of action for these claims pursuant to 47 U.S.C. § 227(c)(5).

## Relief Sought

For himself and all Classes members, Plaintiff requests the following relief:

A.       Certification of the proposed Classes;

B.       Appointment of Plaintiff as representative of the Classes;

C.       Appointment of the undersigned counsel as counsel for the Classes;

D.       A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.       An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F.       An award to Plaintiff and the Classes of statutory damages, as allowed by law;

G.       Leave to amend this Complaint to conform to the evidence presented at trial; and

H.       Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Timothy J. Sostrin*
Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St. Suite 3390
Chicago, IL 60603
tsostrin@KeoghLaw.com